**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND AND TRUSTEES THEREOF, | Civil No. 13-518 (NLH/KMW) |
| Plaintiffs, | **ORDER** |
| v. | |
| C. LATORRE CONSTRUCTION, | |
| Defendant. | |

**HILLMAN, District Judge**

This matter having come before the Court by way of motion [Doc. No. 10] by Plaintiffs New Jersey Building Laborers' Statewide Pension Fund and trustees thereof (hereinafter, "the Pension Fund" or Plaintiffs), seeking default judgment on Plaintiffs' claims against Defendant C. Latorre Construction Contracting Corp.,[1] to recover unpaid withdrawal liability owed to the Pension Fund; and

Plaintiffs averring that under the terms of a Collective Bargaining Agreement ("CBA") to which Defendant was subject,

---

[1] Plaintiffs' original complaint named C. Latorre Construction Contracting Corp. as the Defendant in this case. (See Compl. [Doc. No. 1] 1.) Plaintiffs' amended complaint named C. Latorre Concrete, LLC as the Defendant. (See Am. Compl. [Doc. No. 6] 1.) However, some of Plaintiffs' subsequent filings refer to Defendant as "C. Latorre Construction" while others refer to "C. Latorre Concrete". To resolve this discrepancy, Plaintiff will be directed to file a letter addressed to both the Court and the Clerk indicating the proper name of the Defendant in this matter.

Defendant was required to make fringe benefit contributions on half of Union members, including contributions to the Pension Fund, (Am. Compl. [Doc. No. 6] ¶¶ 7, 9); and

Plaintiffs also averring that on approximately April 30, 2012, Defendant withdrew its recognition of the Union as Defendant's employees' bargaining representative, (Id. ¶ 11); and

Plaintiffs further averring that Defendant thus permanently affected a "complete withdrawal" from the Pension Fund within the meaning of Section 4203 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1383, by virtue of Defendant's withdrawal of recognition of the Union and by Defendant continuing to perform worked covered by the CBA without contributing to the Pension Fund, (Id. ¶ 12); and

Plaintiffs asserting that they are entitled to withdrawal liability in the amount of $64,924.00, for which a demand was made upon Defendant, and for which Defendant failed to make payment, and also failed to otherwise timely cure its default on this payment, (Id. ¶¶ 13-16); and

Plaintiffs further asserting that they are entitled to an unspecified amount of interest, liquidated damages, and attorneys' fees and costs pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1451(b), (Id. ¶ 26); and

Section 515 of ERISA, 29 U.S.C. § 1001 et seq., providing: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement," 29 U.S.C. § 1145; and

Section 4201(a) of ERISA, 29 U.S.C. § 1381(a), providing that "[i]f an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount determined under this part to be withdrawal liability"; and

Section 4203 of ERISA, 29 U.S.C. § 1383, further providing that an employer affects a complete withdrawal when the employer either "permanently ceases to have an obligation to contribute under the plan, or permanently ceases all covered operations under the plan[,]" 29 U.S.C. § 1383(a); and

Section 4203 of ERISA, specifically providing that in the building and construction industry, a complete withdrawal occurs when the employer "ceases to have an obligation to contribute under the plan," and "continues to perform work in the jurisdiction of the collective bargaining agreement of the type

for which contributions were previously required," 29 U.S.C. § 1383(b)(2); and

Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), providing that "[i]n any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution" within the meaning of Section 4301(b); and

Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), providing that when an employer violates Section 515, then the Court shall award the plaintiff the outstanding amount of withdrawal liability, interest on the withdrawal liability, liquidated damages, and reasonable attorneys' fees and costs; and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process -- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

Plaintiffs having requested the entry of default by the Clerk, and the Clerk having entered default on May 30, 2013; and

Plaintiffs having subsequently filed a motion for default judgment pursuant to Rule 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

The Court finding that because Defendant has failed to appear and respond to Plaintiffs' charges in this matter, Defendant is deemed to have admitted the conduct alleged in Plaintiffs' amended complaint, see Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)); and

The Court finding that Plaintiffs would be prejudiced if denied default judgment because they have no other means of vindicating their claims against Defendant, who has not

responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for their default, see <u>Peterson v. Boyarsky Corp.</u>, 2009 U.S. Dist. LEXIS 30967, at *12 (D.N.J. Apr. 8, 2009); but

The Court noting that Plaintiffs have not submitted any documentation[2] supporting accuracy of the amount of withdraw liability sought from Defendant – a total of $64,924.00; and

The Court also noting that Plaintiffs have not set forth in the motion the proper percentages the Court should utilize to calculate the amount of liquidated damages or interest Plaintiffs' seek to have included in the default judgment, nor have Plaintiffs submitted any documentation[3] indicating the applicable percentages; and

---

[2] For example, Plaintiff has not provided the Court with a copy of the relevant CBA in this case, nor have they submitted any audits, accountings, accountant reports, or other financial documents that demonstrate that the amount of withdraw liability was calculated properly as set forth under ERISA.

[3] Typically, the parties' CBA, or other written agreement, will set forth the relevant percentages or will specify whether these percentages differ than those set forth in ERISA.

The Court also noting that Plaintiffs have similarly failed to offer any documentation[4] supporting their claim for attorneys' fees and costs; and

The Court therefore finding that in the absence of adequate documentation supporting the judgment amount sought by Plaintiffs, the Court is unable to find that Plaintiffs are entitled to judgment in their favor on any of the claims and damages set forth in their amended complaint or in the motion for default judgment.

Accordingly,

**IT IS HEREBY** on this 6th day of August , 2013

**ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. No. 10] shall be, and hereby is, **DENIED WITHOUT PREJUDICE** to Plaintiffs' right to refile the motion within twenty **(20)** days of the date of this Order. Any subsequent motion for default judgment must include all necessary and appropriate documentation

---

[4] For example, Plaintiffs have not submitted any attorney bills or invoices that establish the number of hours billed in this case by Plaintiffs' attorneys, the hourly rates Plaintiffs were charged, or the various costs incurred in litigating this case.

supporting the judgment amount sought by Plaintiffs, including by not limited to, the parties' CBA, any other relevant agreements between the parties, audits or accounting reports, and attorneys' bills or invoices.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman </br> NOEL L. HILLMAN, U.S.D.J. |