**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NEW JERSEY BUILDING LABORERS'
STATEWIDE PENSION FUND AND   Civil No. 13-518 (NLH/KMW)
TRUSTEES THEREOF,

        Plaintiffs,   **MEMORANDUM OPINION AND ORDER**

  v.

C. LATORRE CONCRETE, LLC,

        Defendant.

**HILLMAN, District Judge**

    This matter having come before the Court by way of an amended motion [Doc. No. 14] by Plaintiffs New Jersey Building Laborers' Statewide Pension Fund and trustees thereof (hereinafter, "the Pension Fund" or Plaintiffs), seeking default judgment on Plaintiffs' claims against Defendant C. Latorre Concrete, LLC,[1] to recover unpaid withdrawal liability owed to the Pension Fund; and

---

[1] Plaintiffs' original complaint named C. Latorre Construction Contracting Corp. as the Defendant in this case. (See Compl. [Doc. No. 1] 1.) Plaintiffs' amended complaint named C. Latorre Concrete, LLC as the Defendant. (See Am. Compl. [Doc. No. 6] 1.) Some of Plaintiffs' subsequent filings referred to Defendant as "C. Latorre Construction" while others refer to "C. Latorre Concrete". Plaintiffs have resolved this discrepancy in their most recent filing, indicating that the correct name of the Defendant is that set forth in the amended complaint, C. Latorre Concrete, LLC. (See Aff. of Seth Ptasiewicz, [Doc. No. 14-4] ¶ 4.) Accordingly, the Clerk will be directed to amend the caption in this case to reflect the proper name of the Defendant.

Plaintiffs averring that under the terms of a Collective Bargaining Agreement ("CBA") to which Defendant was subject, Defendant was required to make fringe benefit contributions on behalf of Union members, including contributions to the Pension Fund, (Am. Compl. [Doc. No. 6] ¶¶ 7, 9); and

Plaintiffs also averring that on approximately April 30, 2012, Defendant withdrew its recognition of the Union as Defendant's employees' bargaining representative, (Id. ¶ 11); and

Plaintiffs further averring that Defendant thus permanently affected a "complete withdrawal" from the Pension Fund within the meaning of Section 4203 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1383, by virtue of Defendant's withdrawal of recognition of the Union and by Defendant continuing to perform worked covered by the CBA without contributing to the Pension Fund, (Id. ¶ 12); and

Plaintiffs asserting that they are entitled to withdrawal liability in the amount of $64,924.00, for which a demand was made upon Defendant, and for which Defendant failed to make payment, and also failed to otherwise timely cure its default on this payment, (Id. ¶¶ 13-16); and

Plaintiffs further asserting that they are entitled to interest, liquidated damages, and attorneys' fees and costs pursuant to Sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1451(b), (Id. ¶ 26); and

Plaintiffs having previously moved for default judgment [Doc. No. 10] on June 20, 2013; and

The Court having found that "because Defendant has failed to appear and respond to Plaintiffs' charges in this matter, Defendant is deemed to have admitted the conduct alleged in Plaintiffs' amended complaint," (Order [Doc. No. 11] 5, Aug. 6, 2013) (citation omitted); and

The Court having further found that "Plaintiffs would be prejudiced if denied default judgment because they have no other means of vindicating their claims against Defendant, who has not responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for their default," (Id. at 5-6.) (citation omitted); but

The Court having noted that Plaintiffs did not submit any documentation in support of the amount of withdraw liability sought, or in support of the amount of interest, liquidated damages, attorneys' fees or costs sought, (id. at 6-7); and

The Court therefore having denied Plaintiffs' original motion without prejudice and having granted Plaintiffs additional time to file an amended motion including the necessary supporting documents; and

Plaintiffs having filed the amended motion for default judgment on September 9, 2013;[2] and

The Court having reviewed the Affidavit [Doc. No. 14-2] of Mary Castrovinci, the Plan Administrator for the Pension Fund, along with its attached exhibits, including Exhibit D – the Withdraw Liability Report prepared by The Segal Company, which serves as actuary to the Pension Fund; and

The Court having also reviewed the Affidavit [Doc. No. 14-3] of Aldwin Frias, Senior Vice President and Actuary for The Segal Company, wherein Mr. Frias swore under oath that the Defendant's withdrawal liability was calculated in accordance with the presumptive method provided by ERISA Section 4211(b), (see Frias Aff. [Doc. No. 14-3] ¶ 5); and

---

[2] Plaintiffs' renewed motion was filed on September 9, 2013 and the Clerk of Court set it for the October 7, 2013 motion day. Opposition to Plaintiffs' motion was due on or before September 23, 2013. Given that the time to file opposition has now expired and that this is a renewed motion by Plaintiff, the Court decides this motion prior to the October 7, 2013 return date.

The Court being satisfied that Plaintiffs are entitled to a default judgment including an award of $64,924.00 based on Defendant's withdrawal liability as calculated in the Withdrawal Liability Report prepared by The Segal Company; and

The Court finding that pursuant to Section 15.30(d) of the CBA, attached as Exhibit A to the Castrovinci Affidavit, interest on any amounts due to the Pension Fund is calculated at 18% per annum, and that Plaintiffs are therefore also entitled to an award of $11,686.32 in interest, calculated by multiplying the total amount of withdrawal liability due by 18% interest for one year; and

The Court further finding that pursuant to Section 15.30(d) of the CBA, attached as Exhibit A to the Castrovinci Affidavit, Plaintiffs are also entitled to an award of liquidated damages calculated at the statutory maximum rate of 20% under ERISA, and that Plaintiffs are thus entitled to an additional award of $12,984.80 in liquidated damages, calculated by multiplying the total amount of withdrawal liability by 20%; and

The Court also finding that Plaintiffs have adequately supported their claim for attorneys' fees in the amount of $875.00, and costs in the amount of $400.00 for the filing fee in this action; and

The Court finding that in light of these supporting documents submitted with the amended motion for default judgment, Plaintiffs are entitled to judgment in their favor on all the claims and damages set forth in their amended complaint and the amended motion for default judgment.

Accordingly,

**IT IS HEREBY** on this   24th   day of   September  , 2013

**ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. No. 10] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded the judgment of default in the total amount of $90,870.12 pursuant to FED. R. CIV. P. 55(b).

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |